STATE OF NEBRASKA, APPELLEE, V. EDWARD L. TEMPLE, APPELLANT.

FILED MARCH 4, 1916. No. 18402.

1. **Municipal Corporations: POWERS.** "A municipal corporation possesses only such powers as are expressly conferred upon it by statute, or are necessary to carry into effect some enumerated power." *State v. Irey*, 42 Neb. 186.

2. ———: BOARD OF HEALTH: POWERS: SLAUGHTERHOUSE. The board of health of a city of the second class having more than 1,000 and less than 5,000 inhabitants has no jurisdiction to provide by "regulation" that to keep and maintain a slaughterhouse outside of the city is a crime, and fix the punishment therefor to be enforced by criminal prosecution.

3. ———: ———: REGULATIONS: VALIDATION BY ORDINANCE: SLAUGHTERHOUSE. An ordinance of a city of the second class having more than 1,000 and less than 5,000 inhabitants, which gives the mayor "jurisdiction and with authority over all places and territory within the limits of said city and within five miles thereof to enforce the rules, regulations and ordinances of the board of health of said city," does not give validity to a "regulation" of the board of health which attempts to make it criminal to maintain a slaughterhouse outside of the city, and to provide a punishment therefor.

4. **Quære.** Whether the mayor and council of such city can by ordinance make it criminal to maintain such slaughterhouse is not decided.

5. **Municipal Corporations:** BOARD OF HEALTH: POWERS: SLAUGHTERHOUSE. Section 5015, Rev. St. 1913, does not confer upon the board of health, authorized thereby, power to adopt a "regulation" making it criminal to maintain a slaughterhouse outside of the city, and providing punishment therefor by criminal prosecution.

6. ———: ———: ———: ———. Section 5017, Rev. St. 1913, does not authorize the board of health to make and enforce such "regulation."

7. ———: ———: ———. Section 5106, Rev. St. 1913, which confers certain powers upon villages and cities of the second class, does not extend those powers to the board of health.

8. **Nuisance: INJUNCTION: PARTIES.** To keep and maintain a nuisance is made criminal by section 8845, Rev. St. 1913, and this ap-

plies to all common law nuisances. A nuisance may be enjoined in equity, and such action may be maintained by a city of the second class or a village.

APPEAL from the district court for Howard county: JAMES N. PAUL, JUDGE. *Reversed and dismissed.*

*E. P. Clements* and *Frank J. Taylor,* for appellant.

*T. T. Bell, contra.*

SEDGWICK, J.

The board of health of the city of St. Paul adopted regulation No. 1, "to secure the general health and to prevent nuisances within the limits of said city, and providing penalties." Among many other things, this regulation recited: "It shall be unlawful for any person to erect, keep or mantain any slaughterhouse within the limits of the city of St. Paul, or within one hundred and thirty (130) rods outside the city limits on the east, and 160 rods outside of the city in all other directions; and no slaughterhouse shall be kept or maintained within 20 rods of any dwelling house or public traveled road at any place within one mile of said city limits." A complaint was filed in the police court of the city charging that this defendant did unlawfully maintain a slaughterhouse "within 130 rods of the east corporate line of said city, to wit, within 35 rods thereof." He was found guilty in the police court, and appealed to the district court for Howard county, where he was tried by the court without a jury, and again found guilty and sentenced to pay a fine and the costs of prosecution. The defendant has brought the case to this court for review and assigns several grounds for reversal; the principal one being that the regulation of the board of health is void for want of jurisdiction or power to make it. "Any fair, reasonable doubt concerning the existence of power. (of the city itself) is resolved by the courts against the corporation, and the power is denied.

State v. Temple.

* * * These principles are of transcendent importance, and lie at the foundation of the law of municipal corporations." 1 Dillon, Municipal Corporations (4th ed.) sec. 89. "A municipal corporation possesses only such powers as are expressly conferred upon it by statute, or are necessary to carry into effect some enumerated power." *State v. Irey,* 42 Neb. 186.

The prosecution relies upon sections 5006, 5015, 5017, 5106, Rev. St. 1913. Section 5006 provides: "The mayor shall have such jurisdiction as. may be vested in him by ordinance, over all places within five miles of the corporate limits of the city, for the enforcement of any health or quarantine ordinance and regulation thereof, and shall have jurisdiction in all matters vested in him by ordinance, excepting taxation, within one-half mile of the corporate limits of said city." The mayor and council enacted an ordinance that the mayor be and "he is hereby vested with jurisdiction and with authority over' all places and territory within the limits of said city and within five miles thereof to enforce the rules, regulations and ordinances of the board of health of said city, and the quarantine ordinances and regulations of said city, city council and board of health." It seems to be contended that this ordinance is a recognition of the jurisdiction and power of the board of health to make the regulation in question, and would therefore give some force and effect to that regulation as an ordinance of the city. It is not necessary to determine in this case whether the mayor and council of a city of the second class having more than 1,000 and less than 5,000 inhabitants have jurisdiction by ordinance to prohibit slaughterhouses outside of the city limits and within five miles of the city. Whatever may be thought of the power of the mayor and council in that regard, it is manifest that this ordinance was not intended, and could not have the effect, to give vitality and force to the regulation of the board of health in the matter in question.

Section 5015, Rev. St. 1913, gives the mayor and council of the city power "to make regulations to prevent the in-

troduction of contagious or infectious diseases into the city, to make quarantine laws for that purpose and to enforce the same within five miles of the city; to create and establish a board of health to consist of the mayor, who shall be chairman, the city physician, who shall be secretary, the president of the city council and the marshal of such city." It then contains the provision: "A majority of such board shall constitute a quorum to enact ordinances for the enforcement of all rules, regulations and orders of said board, and provide fines and punishments for the violation thereof." There is no doubt that the legislature could authorize a municipal corporation to enact suitable ordinances for the government of the city and "provide fines and punishments for the violation thereof." It may well be doubted whether the legislature could confer such power on the board of health. However that may be, it is manifest that it is not the purpose of this section to confer such power as the board of health has undertaken to exercise in the regulation in question. The section relates to quarantine and the prevention of contagious and infectious diseases in the city. The legislature could not have intended to empower a board of health to define and provide punishments for crimes committed outside of the city. If such board could be given such powers and could exercise them outside of the city, by the same reasoning they could exercise them anywhere within five miles of the city limits, which, of course, was never intended by the legislature.

Section 5017 gives the city the general power "to make regulations to secure the general health of the city, and to prevent and remove nuisances, and to provide the city with water," and has no relation to the question before us.

Section 5106 gives to villages and cities with less than 5,000 inhabitants power "to make all such ordinances, by-laws, rules, regulations and resolutions not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this chapter granted, for maintaining the peace, good government and welfare of

the corporation, and its trade, commerce and manufactories, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding one hundred dollars for any one offense, recoverable with costs, and in default of payment to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere for the benefit of the city or village." It does not relate to the power conferred upon boards of health.

Section 8845, Rev. St. 1913, makes it unlawful to erect, keep up or continue and maintain any nuisance, and has been held to make all common-law nuisances crimes. *State v. DeWolfe,* 67 Neb. 321. It has also been held that a nuisance may be enjoined in equity. *Todd v. City of York,* 3 Neb. (Unof.) 763. A village may maintain such action. *Village of Kenesaw v. Chicago, B. & Q. R. Co.,* 91 Neb. 619. We do not mean to be understood as holding that the mayor and council of a city cannot by ordinance prevent the maintenance of a slaughterhouse in the vicinity of a city of this class. That question is not involved in this case. The regulation of the board of health under which this defendant was prosecuted is invalid.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

LETTON, J., concurs in the conclusion.

ROSE, J., dissents.